**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| ARDAVAN AFRAKHTEH and | ) | |
| AUTOBAHN SOUTH, INC., | ) | |
| | ) | |
|    Plaintiffs, | ) | |
| | ) | **Docket No.  3:19-CV-00403** |
| vs. | ) | |
| | ) | **Judges Crenshaw/Frensley** |
| NATIONWIDE TRANSPORT | ) | |
| SERVICES, LLC, | ) | **TWELVE PERSON** |
| R.O.M. EXPRESS, INC., | ) | **JURY DEMANDED** |
| SKYLINE CARRIERS, INC. and | ) | |
| LEIF ELLIOT OVE, | ) | |
| | ) | |
|    Defendants. | ) | |

**DEFENDANT NATIONWIDE TRANSPORT SERVICES, LLC'S**
**MOTION FOR PARTIAL DISMISSAL PURSUANT TO RULE 12(b)(6)**
**OF THE PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES**

Come the defendant, Nationwide Transport Services, LLC, by and through counsel pursuant to the provisions of Rule 12(b)(6) of the *Federal Rules of Civil Procedure* and following the inclusion of this defense in the Answer filed on behalf of defendant Nationwide Transport Services to the Plaintiffs' Amended Complaint moves this Honorable Court for entry of an Order dismissing from the Plaintiff's Amended Complaint their claim for punitive damages.  In support of its Motion, this Defendant states as follows:

**CASE FACTS**

According to the Amended Complaint, this matter concerns a motor vehicle accident that occurred on February 3, 2019 wherein a 2014 Volvo Dump Truck owned by the Plaintiffs was damaged when the truck hauling it became stuck on railroad tracks in Franklin, Williamson County, Tennessee causing it to be struck by a train.  [Doc. 37, ¶13-14].  The Plaintiffs allege that defendants

R.O.M. Express, Inc. and Ove were negligent in allowing the lowboy trailer to become stuck on the railroad tracks in that they knew or should have known of its capabilities. [**Id**.].

The Plaintiffs allegedly purchased the subject dump truck then located in San Antonio, Texas. [**Id**., ¶10]. The Plaintiffs required that it be transported to Franklin, Tennessee, so they contacted this Defendant. [**Id**., ¶10]. The Plaintiffs recognized that this Defendant was a broker [**Id**., ¶3], and further knew this Defendant would engage a motor carrier company to actually haul the Dump Truck as the agreement between this Defendant and the Plaintiffs required the Plaintiffs to pay the remaining amount owed directly to the motor carrier company upon delivery. [**Id**., ¶12]. This Defendant eventually engaged defendant R.O.M. Express, Inc. to haul the Dump Truck. [**Id**., ¶13],

On February 1, 2019, defendant Ove picked up the subject Dump Truck via a lowboy trailer and a Kenworth tractor in San Antonio, Texas to deliver to Franklin, Tennessee. [**Id**., ¶13]. The tractor-trailer operated by defendant Ove was allegedly owned and operated by another company, defendant Skyline Carriers, Inc. [**Id**., ¶13].

The Plaintiffs' Amended Complaint brings two separate causes of action against this Defendant being Breach of Contract [**Id**., p. 7-8] and Negligent Selection/Hiring [**Id**., p. 8-9]. In the Breach of Contract cause of action, the Plaintiffs allege that this Defendants agreed to have the Dump Truck transported to Franklin, Tennessee, the Plaintiffs paid the agreed upon amount, this Defendant then engaged with defendant R.O.M. Express, Inc. to haul the Dump Truck, and defendants R.O.M. Express, Inc. and Ove failed to deliver the Dump Truck. [**Id**., p. 7-8]. The Amended Complaint without question fails to make any factual allegations sufficient for the Plaintiffs to recover punitive damages for Breach of Contract.

2

Regarding the Plaintiffs' cause of action against this Defendant for Negligent Selection/Hiring, the Amended Complaint alleges as follows:

33.     Defendant NTS selected and hired Defendant R.O.M. as a carrier suitable to transport the Dump Truck from San Antonio, Texas to Franklin, Tennessee.

34.     Defendant NTS's website claims that "before we dispatch a carrier to pick up your vehicle, we thoroughly screen our drivers and check their ratings. Long ago, NTS realized that selecting the right driver is the most important thing we do for our customers." Likewise, under the heading "The Leading Lowboy Cargo Shipper," Defendant NTS claims it "will also navigate the regulatory barriers associated with taking oversize loads of cargo out on the road and our drivers have an in-depth familiarity with common shipping routes from coast to coast." (Emphasis added).

35.     The Tractor-Trailer driven by Defendant Ove was owned by Skyline, which had a "conditional" safety rating per the Federal Motor Carrier Safety Administration's Safety Management System as of December 25, 2018. Defendant NTS failed to select the right driver or the right carrier to transport the Dump Truck. The Tractor-Trailer, moreover, was not even owned by R.O.M and violated NTS's contractual requirement with R.O.M. that R.O.M. use equipment owned by it. Defendant NTS thus failed to use reasonable care to monitor the performance and equipment of carriers it selected.

36.     Defendant NTS owed a duty to Plaintiffs to use reasonable care to select and engage a competent and careful carrier for the transport of the Dump Truck. The transport of the Dump Truck from San Antonio, Texas to Franklin, Tennessee involved a risk of physical harm if not performed in a skillful and careful manner.

37.     Defendant NTS breached its duty of reasonable care to Plaintiffs in a negligent and grossly negligent manner when it engaged Defendant R.O.M. as a carrier to transport the Dump Truck. Defendants Ove, R.O.M. and/or Skyline lacked the competence and skills necessary to transport the Dump Truck from San Antonio, Texas to Franklin, Tennessee.

38.     The lack of skill and competence of Defendants R.O.M., Skyline and/or Ove were the proximate cause of the destruction of the Dump Truck. Defendant NTS knew or should have known that Defendants R.O.M., Skyline and/or Ove were not competent or appropriately skilled to transport the Dump Truck. Defendant NTS further breached its duty to monitor the ownership and operation of the equipment used to transport the Dump Truck. Plaintiffs have suffered significant damages and are entitled to

3

> recover their damages from Defendant NTS for injuries to the Dump Truck as well as all other damages allowed under law.
>
> 39.    The conduct underlying Plaintiffs' claims of Negligence and Gross Negligence and Negligent Selection/Hiring was reckless and/or grossly negligent such that punitive damages should be awarded.

Thus, while the Amended Complaint seeks punitive damages for this cause of action, it only generally claims reckless and/or grossly negligent conduct on the part of this Defendant without specifying which, if any, actions or omissions by this Defendant actually constituted recklessness.

## LAW AND ARGUMENT

### A.    Standard of Review for Trial Court.

Under Fed. R. Civ. P. 12(b)(6) a Motion to Dismiss for Failure to State a Claim upon which relief can be granted tests only the legal sufficiency of the complaint, not the strength of a plaintiff's proof.  Such a motion admits the truth of all relevant and material averments contained in the complaint but asserts that such facts do not constitute a cause of action.  In considering a motion to dismiss, trial courts should construe the complaint liberally in favor of the plaintiffs, taking all allegation of fact as true, and deny the motion unless it appears that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief.  **Bell Atlantic v. Twombly**, 550 U.S. 544 (2007).

With respect to the application of a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) to a claim for punitive damages, guidance is provided in **Russell v. Gardner**, 2012 U.S. Dist. LEXIS 6694 (E.D. Tenn. January 18, 2012).  In that matter, the trial court addressed a Motion for Partial Dismissal for Failure to State a Claim for punitive damages from a motor vehicle accident.

4

In paragraph 4 of the Complaint, the plaintiff alleged that "[O]n or about January 31, 2010, plaintiff was driving his 2000 Ford Taurus on Interstate 26 West in Washington County, Tennessee, when his vehicle was "rear-ended" by the 2008 Acura being driven by defendant. defendant's actions, in rear-ending plaintiff's vehicle with her vehicle, were the exclusive cause of the motor vehicle collision. In paragraph 5 of the complaint, plaintiff alleged that defendant was "negligent in the operation of her vehicle" and that her "negligence was manifested in the following ways, among others:"

> (a) failure to maintain a proper distance from defendant's vehicle;
> (b) failure to keep a proper lookout ahead;
> (c) failure to see and be aware of what was in defendant's view;
> (d) failure to avoid a collision when, in the exercise of reasonable care, defendant could have done so;
> (e) failure to use due and reasonable care in the operation of her vehicle with disregard for the safety of others;
> (f) driving her vehicle into the back of plaintiff's vehicle;
> (g) failure to avoid an immediate hazard;
> (h) following too closely; and
> (i) driving at an unsafe speed under the attendant circumstances.

In paragraph 7 of the complaint, plaintiff alleges that "[D]efendant's actions amounted to recklessness and/or gross negligence, thus entitling Plaintiff to punitive damages."

Judge Greer acknowledged that *Federal Rule of Civil Procedure* 12(b)(6) provides that a trial court may, upon motion, dismiss a claim for relief asserted in any pleading for failure to state a claim upon which relief can be granted. The court further noted that *Federal Rule of Civil Procedure* 8(a) requires the party pleading a claim for relief to make a "short and plain statement of the claim showing that the pleader is entitled to relief." The Court then analyzed whether based on Rule 8(a), the Complaint pled facts and a sufficient cause of action to support a claim for punitive damages to survive a Motion to Dismiss the claim for punitive damages under Rule 12(b)(6),

5

Judge Greer stated that, "[W]hen evaluating such a claim in the context of a Rule 12(b)(6) motion, the Court must ordinarily accept as true all of the well-pleaded factual allegations of the complaint. However, Rule 8(a) has been interpreted to require that the pleader allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . .." **Bell Atlantic**, 550 U.S. at 555. Moreover, the factual allegations themselves "must be enough to raise a right to relief above the speculative level . . .." **Id**.

**Twombly** established a test of "facial plausibility," replacing the prior standard, announced in **Conley v. Gibson**, 355 U.S. 41 (1957), under which a complaint was able to withstand a motion to dismiss if there were any possibility that the pleader could prove a viable claim for relief. Expanding upon **Twombly's** "facial plausibility" test, the Supreme Court, in **Ashcroft v. Iqbal**, 556 U.S. 662 (2009), held that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." **Iqbal** reiterated the principle that legal conclusions, couched as factual allegations, need not be accepted as true, and that the mere recital "of the elements of a cause of action, supported by mere conclusory statements," cannot save a claim from dismissal under Rule 12(b)(6). **Id**. at 1950. Further, **Iqbal** allows the reviewing court "to draw on its judicial experience and common sense" when deciding if it is plausible that the pleader can, based on the facts alleged, obtain any relief. **Id**.

Judge Greer stated, that "[I]n this diversity action, the Court applies Tennessee law. In Tennessee, punitive damages may be awarded "only in the most egregious of cases" where the defendant has acted either intentionally, fraudulently, maliciously, or recklessly. **Hodges v. S.C. Toof & Co.**, 833 S.W.2d 896, 901 (Tenn. 1992). "A person acts recklessly when the person is aware of, but consciously disregards, a substantial and unjustifiable risk of such a nature that its

disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all circumstances." **Id**. "[I]t takes something far greater than lack of ordinary care to sustain an award for punitive damages." **Richardson v. Gibalski**, 625 S.W.2d 715, 717 (Tenn. Ct. App. 1979). Tennessee courts permit punitive damages in automobile accident cases "[i]n some limited circumstances." **Anderson v. U.S.A. Truck, Inc**., 2008 Tenn. App. LEXIS 590, 2008 WL 4426810 (Tenn. Ct. App.).

The defendant asserted that plaintiff pled only a case of ordinary negligence and pled no facts to plausibly show that defendant's conduct was of such an egregious nature as to permit punitive damages in this case. Defendant further alleged that plaintiff's allegations of recklessness and gross negligence are nothing more than conclusory statements without underlying facts to support them.

Plaintiff responded that he specifically describes the facts of the case, a variety of Tennessee statutes that were violated by the defendant and "gives further description of Defendant's actions/inaction by averring that they amounted to 'recklessness' and 'gross negligence,' . . ." The Plaintiff further argued that his complaint, read in its entirety, plausibility states enough facts to state a claim for punitive damages.

The trial court, however, was constrained to agree with the defendant. Judge Greer held that "plaintiff's allegations of fact, taken as true, are contained in paragraph 4 of the complaint and these facts describe a typical rear-end type collision followed by very specific allegations of "negligence" on the part of the defendant. Plaintiff pleads no facts which suggest that defendant consciously disregarded a substantial and justifiable risk constituting a gross deviation from the standard of care which would differentiate this case from any other alleging negligence in the context of a rear-end motor vehicle collision." Judge Greer further held that "plaintiff's labels of

7

"recklessness" and "gross negligence" are conclusory statements which are essentially meaningless absent the allegation of sufficient facts to establish a plausible possibility of entitlement to punitive damages in the case. In addition, under the Supreme Court's holding in **Iqbal**, the Court has no discretion to permit plaintiff to discover through the ordinary discovery processes further facts which would allow him to plausibly plead a claim for punitive damages."

Therefore, the trial court granted the motion to dismiss, and plaintiff's claim for punitive damages was dismissed for failure to state a claim.

### B. General Tennessee Law on Punitive Damages

Under Tennessee law, punitive damages may only be awarded if the claimant proves by clear and convincing evidence the defendant acted maliciously, intentionally, fraudulently, or recklessly. **T.C.A. § 29-39-104**.; see **Hodges v. S.C. Toof & Co.**, 833 S.W.2d 896, 901 (Tenn. 1992). A person acts recklessly when the person is aware of, but consciously disregards, a substantial and unjustifiable risk of such a nature that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances. **Hodges**, 833 S.W.2d at 901. "[T]he state-of-mind element of . . . recklessness places significant limitation on recovery. Being required to prove the tortfeasor's […] recklessness imposes a significantly higher burden than is required for mere negligence actions…." **Doe 1 ex rel. Doe 1 v. Roman Catholic Diocese of Nashville**, 154 S.W.3d 22, 39–40 (Tenn. 2005) (citations omitted).

The Tennessee Supreme Court reasoned in **Hodges** that the higher standard of proof—the "clear and convincing evidence" standard— "is appropriate given the twin purposes of punishment and deterrence: fairness requires that a defendant's wrong be clearly established before punishment, as such, is imposed; **awarding punitive damages only in clearly appropriate cases better effects**

**deterrence**." 833 S.W.2d at 902. Evidence is clear and convincing when it leaves "no serious or substantial doubt about the correctness of the conclusions drawn." **Id**. The evidence "must be such that the truth of the facts asserted be 'highly probable.'" **Id**.

In **Richardson v. Gibalski**, the Tennessee Court of Appeals reasoned "[a]s has been pointed out by our appellate courts so many times, **it takes something far greater than lack of ordinary care to sustain an award of punitive damages**." 625 S.W.2d 715, 717 (Tenn. Ct. App. 1979). Rather, punitive damages are awarded **only in the most egregious of cases**. **Hodges**, 833 S.W.2d at 901. The Tennessee Supreme Court has made a specific policy decision to restrict the availability of punitive damages to "avoid 'dull[ing] the potentially keen edge of the doctrine as an effective deterrent of **truly reprehensible conduct**.'" **Id.** Thus, in Tennessee punitive damages are only awarded to punish "serious moral dereliction." **Cappello v. Aircraft Sales**, 79 F.3d 1465 (6th. Cir. 1996).

### C.      Tennessee Law on Punitive Damages Specific to Motor Vehicle Accidents

Tennessee courts award punitive damages in cases involving motor vehicle accidents in only limited circumstances. **Anderson v. U.S.A. Truck, Inc.**, 2008 Tenn. App. LEXIS 590 (Tenn. Ct. App. Oct. 1, 2008). The **Anderson** Court found that Tennessee courts only award punitive damages in automobile accident cases in "limited circumstances" citing as examples cases in which the defendant was legally intoxicated or was a "habitual user of amphetamines and had been without sleep for 40 hours before the accident." **Id**. The court, however, stated instances of simple negligence are not enough to support an award of punitive damages. **Id**. at 41. The court held because there was "no evidence of any extenuating circumstances, such as the involvement of drugs or alcohol, to justify a finding of 'reckless' behavior," an award of punitive damages was

9

inappropriate under the evidence presented. **Id**. at 41-42. The court then cited **Rose v. Lydon**, a case where the trial court properly refused to submit punitive damages to the jury because the evidence only showed the "defendant driver was negligent in his failure to see the plaintiff's vehicle just before impact." No. 227, 1986 Tenn. App. LEXIS 2934 at *3 (Tenn. Ct. App. 1986).

In **Anderson**, the plaintiff was operating a dump truck pulling a trailer loaded with farm tractors, when he was rear-ended by the defendant's 18-wheeler on Interstate 40. **Id**. The posted speed limit on that portion of Interstate 40 was 65 mph. **Id**. at 5. As the defendant driver crested a hill on the Interstate, he noticed plaintiff's vehicle immediately in front of him. He possessed three to four seconds prior to the collision to apply his brakes but nevertheless failed to avoid the well-lit trailer and dump truck operated by plaintiff. Despite the efforts of the defendant driver to sufficiently slow his tractor-trailer, he could not avoid rear-ending the plaintiff. **Id**. at 6. The defendant driver in that case was not traveling in excess of the speed limit at the time of collision or consumed drugs or alcohol. There were no other extenuating circumstances rising to the level of recklessness or gross negligence. **Id**.

At the close of the plaintiffs' proof, the defendants moved for a directed verdict on the issue of punitive damages based on the lack of sufficient evidence that the trial court granted. **Id**. at 33. On appeal, the Tennessee Court of Appeals affirmed the decision of the trial court. **Id**.

In **Cappello v. Duncan Aircraft Sales of Florida, Inc.**, the Sixth Circuit Court of Appeals held that "[t]he only function or purpose of punitive damages now in Tennessee is punishment for **serious moral dereliction**" which is the proximate cause of an accident. 79 F.3d 1465, 1474 (6th Cir. 1996) *(emphasis added)*. "Gross negligence is no longer sufficient" for the imposition of punitive damages in Tennessee. **Id**. Rather, the defendant's tort must contain an "element of conscious wrongdoing" which is the proximate cause of the accident. **Id**.

10

The element of conscious wrongdoing sets reckless conduct apart from negligent conduct. In **Cappello**, a pilot crashed into a mountain two minutes after taking off at night. **Id**. 1467. The Sixth Circuit Court of Appeals concluded that the evidence showed the pilot negligently manned the aircraft in a fatigued state causing him to become disoriented during takeoff. **Id**. at 1472. The court stated that the pilot's inability to understand his own level of fatigue and lack of responsiveness, if this was indeed the cause of the accident, is "inconsistent with malice or the type of 'conscious' disregard of the danger contemplated by the **Hodges** case." **Id**. at 1475.

In **Leap v. Malone**, the defendant, the driver of a tractor trailer, made a left turn directly in front of the plaintiff causing a collision. 1996 U.S. App. LEXIS 33965, at 2 (6th Cir. Dec. 23, 1996). The evidence presented revealed that the defendant driver had either failed to see the plaintiff's vehicle or "badly misjudged" the distance between the two vehicles. **Id**. The court concluded that "[t]here is no evidence in the record, let alone clear and convincing evidence, to suggest that [the defendant's] conduct which was the proximate cause of the accident was the result of anything more than inattention or a most unfortunate case of bad judgment." **Id**. Therefore, the court held that the plaintiff's claim for punitive damages was inappropriate. **Id**.

In denying punitive damages, the **Leap Court** examined other motor vehicle accident cases where punitive damages were found to be appropriate. For further example, punitive damages were appropriate in one case because the defendant driver had a blood alcohol level of .15% at the time of the collision and the intoxication was a proximate cause of the collision. **Id**. (citing **Perry v. Dewey**, No. 02A01-9406-CV-00142, 1995 Tenn. App. LEXIS 475 at 3 (Tenn. Ct. App. 1995)). In another case, the evidence demonstrated the defendant had been smoking marijuana prior to the accident and the use of illegal drug was a proximate cause of the collision. **Id**. (citing **Worley v. Pharris**, No.155, 1991 Tenn. App. LEXIS 608, (Tenn. Ct. App. 1991)); see also **Sakamoto v.**

**N.A.B. Trucking Co.**, 717 F.2d 1000, 1002-03 (6th Cir.1983) (applying Tennessee law, affirming an award of punitive damages where the defendant driver was an habitual user of amphetamines and had been without sleep for 40 hours before the accident); **Womack v. Gettelfinger**, 808 F.2d 446 (6th Cir. 1986) (reversing award of punitive damages where a truck driver turned onto a highway in dense fog causing an accident); **Medley v. Garmin**, 2008 U.S. Dist. LEXIS 91824, 2008 WL 4449936 (E.D. Tenn. September 29, 2008) (granting summary judgment on punitive damages claim where driver contended he did not see plaintiff's car because of sunlight and plaintiff argued driver was "reckless" in not seeing the car).

In **Medlin v. Clyde Sparks Wrecker Serv**., Clyde Sparks Wrecker Services was called to tow away a car and dispatched employee Paul Brown to pick up the vehicle. 59 Fed. Appx. 770, 771 (6th Cir. 2003). The vehicle Brown was to pick up was located on the left median of Interstate 55. **Id**. Brown initially backed up to the vehicle in the left hand median to pick it up but because of the width of his truck, portions of Brown's flat-bed truck protruded into a lane of traffic. **Id**. As he left his truck sitting there idling, a tractor trailer drove by almost striking Brown's truck. Realizing the dangerousness of the situation, Brown left the vehicle without picking it up but returned after Clyne Sparks—President of Clyde Sparks Wrecker Services—implored him to return to the scene. **Id**. Brown again backed up to the vehicle in the median and loaded it onto his truck, possibly blocking the yellow and red flashing light bar at the top his truck. **Id**. The police were not called for assistance, the wrecker truck protruded into the left lane of the interstate, and no emergency devices were placed in front of the truck—as required by regulations. **Id**. at 771-772. The plaintiff then drove into the rear of Brown's truck. The Court in **Medlin** found that a reasonable jury could find by clear and convincing evidence that Clyde Sparks Wrecker Services failed to exercise reasonable care and acted recklessly due to its knowledge of the dangerous position of the wrecker

truck.  **Id**. at 775-776.  However, it most be noted that the Medlin decision was not unanimous but contained a decent and more importantly, despite all of the facts of intentional conduct the majority found this to be a close issue.  **Id**.  at 775.

### D.     Tennessee Law on Punitive Damages Specific to Breach of Contract Claims

"Punitive damages generally are not available in an action for breach of contract but may be awarded only in the most egregious circumstances."  **Dog House Invs., LLC v. Teal Props**., 448 S.W.3d 905, 915-16 (Tenn. Ct. App. 2014); see also **B.F. Myers & Son of Goodlettsville, Inc. v. Evans**, 612 S.W.2d 912, 916 (Tenn. Ct. App. 1980).  In **Dog House Invs**., the court found that a breach of contracts case does not rise "to the level of egregiousness necessary to sustain an award of punitive damages absent a finding of fraud."  **Id**.  Other Tennessee courts have also held that in a breach of contract case, in the "absence of fraud, there is no basis for punitive damages."  **Next Generation, Inc. v. Wal-Mart, Inc**., 49 S.W.3d 860, 866 (Tenn. Ct. App. 2000).

### D.     The Facts as Pled in the Plaintiffs' Amended Complaint do not Support Their Claim for Punitive Damages.

First, the causes of action set forth in the Amended Complaint against this Defendant sounds in contract rather than tort.  The Plaintiffs' claim for negligent selection and hiring is nothing more than a restatement of the Plaintiffs' breach of contract claim.  The breach of contract cause of action alleges that the Plaintiffs' hired this Defendant to broker the transportation of the subject Dump Truck from Texas to Tennessee knowing this Defendant would engage a motor carrier to deliver the Dump Truck.   It further alleges that this Defendant retained defendant R.O.M. Express, Inc. who failed to deliver the subject Dump Truck resulting in a breach of contract.  The negligent selection

13

cause of action is nothing but a regurgitation of these allegations that include some additional alleged facts showing the Plaintiffs' theory as to how the alleged breach of contract came about.

Further, the Plaintiffs' Amended Complaint cites to portions of this Defendants websites, yet no where does the Amended Complaint allege that the Plaintiffs saw, read, or in any way relied upon the information on the website at any point prior to contacting this Defendant to arrange delivery of the subject Dump Truck.

As numerous Tennessee courts have held, punitive damages are only available in an action for breach of contract upon showing the most egregious circumstances. Several Tennessee courts have held that this requires a finding of fraud. Here, however, the Plaintiffs' Amended Complaint contains no allegation of fraud against this Defendant.

Regardless, even if the Plaintiffs' negligent selection and hiring claim stands separate from their breach of contact claim, the Amended Complaint fails to allege sufficient factual allegations to support a claim for punitive damages. The Amended Complaint acknowledges that this Defendant engaged defendant R.O.M. Express, Inc. to transport the subject Dump Truck. Nowhere does the Amended Complaint allege that this Defendant knew or should have known that defendant R.O.M. Express, Inc. would use equipment owned by another company. To prevail on a cause of action for recklessness, a plaintiff must show through clear and convincing evidence the state of mind element being the conscious disregard. Yet, the Amended Complaint fails to contain any factual allegations that if proven as true would meet this burden.

Paragraphs 33 through 38 of their Amended Complaint instead allege facts that only support, at most, a claim for negligence. Punitive damages have generally been found recoverable in cases of fraud, impairment, and excessive speeding. Taking the facts in Paragraphs 33 through 38 as true, they do not rise to this level.

The Plaintiffs then make only a cursory allegation in Paragraph 39 of the Amended Complaint that the "conduct underlying Plaintiffs' claims of Negligence and Gross Negligence and Negligent Selection/Hiring was reckless and/or grossly negligent such that punitive damages should be awarded." Nowhere in the Amended Complaint do the Plaintiffs allege that this Defendant consciously disregarded a substantial and justifiable risk constituting a gross deviation from the standard of care. Considering the authority cited above, the Plaintiffs' Amended Complaint does not support a cause of action for punitive damages under Tennessee law. As Judge Greer of the Eastern District found in Russell, a plaintiff cannot simply use the words "recklessness" or "gross negligence" in their complaint without any factual support and expert to survive a motion to dismiss the claim for punitive damages.

**WHEREFORE**, this Defendant moves this Honorable Court for entry for an Order dismissing the Plaintiffs' action for punitive damages for failure to state a claim upon which relief may be granted as a matter of law pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*, accordingly.

Respectfully submitted,

**TRAMMELL, ADKINS & WARD, P.C.**

s/      Terrill L. Adkins
         Terrill L. Adkins, BPR #013138
         Attorneys for Defendants
         P.O. Box 51450
         Knoxville, Tennessee 37950
         terryadkins@tawpc.com (email)
         (865) 330-2577 (phone)
         (865) 330-2578 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2020, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the court's electronic filing system.

Jay W. Mader, Esq.
Arnett, Draper & Hagood
P.O. Box 300
2300 First Tennessee Plaza
Knoxville, TN 37901

John T. Feeney, III, Esq.
Feeney & Murray, P.C.
P.O. Box 198685
424 Church St., Suite 2230
Nashville, TN 37219

**TRAMMELL, ADKINS & WARD, P.C.**

s/     Terrill L. Adkins
        Terrill L. Adkins